# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY DORSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7673** |
| **NELSON COLEMAN CORRECTIONAL, ET AL.** | **SECTION: "C"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Anthony Dorsey, a state prisoner, filed this *pro se* complaint against the Nelson Coleman Correctional Center, Warden John Nowak, and Classification Officer Kim Baugh. In this lawsuit, plaintiff claims that he has been denied participation in a prison work-release program.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Nelson Coleman Correctional Center

Plaintiff has named the Nelson Coleman Correctional Center as a defendant in this action. However, that claim must be dismissed because the facility is not a "person" subject to suit under 42 U.S.C. § 1983.[2] Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 07-2891, 2007 WL 1702780, at *2 (E.D. La. June 11, 2007); see also Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548-49 (E.D. La. 2009); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).[3]

Accordingly, plaintiff's § 1983 claim against the Nelson Coleman Correctional Center must be dismissed.

### III. Warden John Nowak and Classification Officer Kim Baugh

Plaintiff has also named as defendants Warden John Nowak and Classification Officer Kim Baugh. For the following reasons, the claims against those defendants must likewise be dismissed.

The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) *that he has been deprived of a right secured by the Constitution and the laws of the United States,* and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted).

In this lawsuit, plaintiff claims that he has been denied participation in a prison work-release program by Nowak and Baugh. Even if that is true, plaintiff is not entitled to relief. Although Nowak and Baugh are state actors, plaintiff's claim nevertheless fails because he cannot make the

---

[3] Moreover, even if the Nelson Coleman Correctional Center were subject to suit, plaintiff's claim would still fail because, as explained later in this opinion, he has no right to a work-release assignment secured by the Constitution and the laws of the United States.

4

required showing that he has been deprived of a right secured by the Constitution and the laws of the United States. It is clear that a prisoner has no federally-protected right to participate in a work-release program. Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, at *2 (E.D. La. Oct. 7, 2009) (there is no constitutional right to participate in a work-release program); Hack v. Corrections Corporation of America, Civ. Action No. 09-413, 2009 WL 1793525, at *2 (W.D. La. June 19, 2009) (because a prisoner has no liberty or property interest in a work-release assignment, he is not entitled to due process in removal from such an assignment), appeal dismissed, No. 09-30567, 2009 WL 3762319 (5th Cir. Nov. 11, 2009); LeCompte v. Louisiana, No. 09-CV-161, 2009 WL 1664492 (W.D. La. June 12, 2009) (because a prisoner has no liberty or property interest in a work-release assignment, he is not entitled to due process in the denial of participation in such a program); Ware v. Batson, No. 07-cv-1705, 2008 WL 2773604, at *2 (W.D. La. July 17, 2008) ("Classification of prisoners is a matter left to the broad discretion of prison officials, free from judicial intervention, and the officials are accorded the widest possible deference to allow them to apply their specialized knowledge, policies and practices to best maintain security and preserve order. Accordingly, Plaintiff has not stated a constitutional claim with respect to his work release status." (citation omitted)).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twentieth day of January, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.